UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62594-Civ-LENARD
MAGISTRATE JUDGE P.A. WHITE

STEVEN A. EDSON,

    Plaintiff,

v.                                        REPORT OF MAGISTRATE JUDGE

VICTORIA P. MCRAE, et al.,

    Defendants.
_____/

## I. Introduction

Steven A. Edson, currently confined at the Paul Rein Detention Facility in Broward County, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). He previously filed a motion to proceed *in forma pauperis,* which was granted by court order without requiring that plaintiff prepay the filing fee, but establishing a $350.00 debt. (DE#8).

## II. Discussion

Prior to the entry of a preliminary report by the undersigned, plaintiff has moved for the voluntary dismissal of his action without prejudice. (DE#10). For the reasons that follow, plaintiff's motion should be granted without prejudice and the complaint should be dismissed.

Federal Rule of Civil Procedure 41(a)(1) states that a "plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "The purpose of Rule 41(a)(1) is to permit a plaintiff to take the case out of court at

an early stage if no other party will be prejudiced." <u>Hines v. Graham</u>, 320 F.Supp.2d 511, 526 (N.D.Tex. 2004)(quoting <u>Exxon Corp. V. Maryland Casualty Co.</u>, 599 F.2d 659, 662 (5th Cir. 1979)). Generally "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." (<u>Id</u>.) (quoting <u>Elbaor v. Tripath Imaging</u>, 279 F.3d 314, 317 (5th Cir. 2002)).

Plaintiff's complaint has not yet been served, much less answered. Thus, his motion should be treated as a notice of dismissal, resulting in the termination of the action without any consideration of its merits. <u>Matthews v. Gaither</u>, 902 F.2d 877, 880 (11th Cir. 1990) (citations omitted) ("dismissal is effective immediately upon the filing of a written notice of dismissal, and ... [t]he fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence").

Nonetheless, in as much as the plaintiff enjoys a right to voluntarily dismiss the §1983 action pursuant to Rule 41(a)(1), the right is subject to the provisions of the Prison Litigation Reform Act ("PLRA"). Congress enacted the PLRA to discourage prisoners from filing baseless lawsuits. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Specifically, Congress drafted the "three strikes" provision of 28 U.S.C. §1915(g), which limits a prisoner's ability to proceed without the payment of a filing fee in federal court if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted."[1] Id.

Courts have generally recognized that the PLRA does not allow a prisoner to voluntarily dismiss a complaint after screening has been completed since such gamesmanship would "allow prisoners to frustrate Congress's intent behind enacting the PLRA." Hines v. Graham, 320 F.Supp.2d 511, 526 (N.D.Tex. 2004); Apel v. McCool, 2007 WL 4592245, at *1 (N.D.Fla. Dec. 28, 2007); Young v. Leonard, 2006 WL 3447662, at *1 (S.D.Tex. Nov. 21, 2006); Sumner v. Tucker, 9 F.Supp.2d 641, 644 (E.D.Va. 1998)("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal."); see Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991) (noting that it would be inappropriate to grant a plaintiff's motion to voluntarily dismiss his case "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position").

However, the present case is completely distinguishable from the cases cited above. Here, the plaintiff did not wait until after the Court screened his complaint pursuant to 28 U.S.C. §1915A to move for its dismissal. On the contrary, plaintiff moved to dismiss his complaint before this Court considered the case and issued a recommendation. Under such circumstances, the plaintiff's motion to dismiss his complaint should be granted.

Notwithstanding, simply because plaintiff seeks to dismiss his action at this juncture, does not mean that the filing fee is

---

[1] A prisoner or detainee who is barred from proceeding *in forma pauperis* ("IFP") due to the "three strikes" provision of §1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. §1915(b). The filing fee is not refundable, regardless of the outcome of plaintiff's case, and plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service. See Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000).

### III.  Conclusion

Based on the foregoing, plaintiff's motion to dismiss his case voluntarily (DE#10), and thereby avoid a §1915(g) strike, should be GRANTED and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

Signed this 2nd day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Steven A. Edson, Pro Se
     DC#501205858
     Paul Rein Detention Facility
     2421 NW 16 Street
     Pompano Beach, FL 33069